C. J. ELLER, Appellee, v. THOMAS J. GUTHRIE et al., Appellants.

No. 44704.

MARCH 7, 1939.

468

A. J. Myers and Leonard K. Madsen, for appellee.

Parrish, Guthrie, Colflesh & O'Brien, and J. L. Parrish, Jr., for appellants.

BLISS, J.—The issues are simple, but the pleadings are profuse and prolix, and cover almost seventy pages of the abstract. The appellee, who has practiced law in Des Moines for many years, carried an accident policy, in the appellant company. On January 21, 1937, he claims to have been injured in an accidental fall on an icy sidewalk, which totally disables him from performing his work. The insurer paid compensation, under the policy, to February 11, 1937, for three weeks total disability and two weeks partial disability. Later plaintiff brought action at law against the insurer, claiming total disability, and asking recovery for the period from February 11, 1937, to May 27, 1937. Judgment for the plaintiff for $828.52 was entered in this action on November 16, 1937. Four other similar, separate actions brought by the insured against the insurer, in the municipal court, are now pending. These are for the respective periods and amounts, to wit: May 27, 1937, to September 23, 1937, for $918; from the latter date to January 27, 1938, for $900; from the latter date to May 26, 1938, for $950; and from the latter date to June 16, 1938, for $150.

The policy of insurance, involved herein, has the following provision:

## "Standard Provisions

\* \* \*

"8. The Company shall have the right and opportunity through its medical representative to examine the person of the Insured while living, during the pendency of claim hereunder when and so often as it may reasonably require."

A week or more before June 24, 1937, the appellant, Thomas J. Guthrie, as attorney for the insurer, requested a physical examination of the insured on that day, which was granted, and

the examination made by two doctors selected by the insurer. About November 20, 1937, Guthrie orally asked the insured's attorney for a physical examination of the insured. To this request the insured, on November 22, 1937, replied personally, by letter, to Guthrie's law firm, stating that since the insurer had denied liability, and had had full opportunity to make such examination, it was ''now estopped by the record, the jury's verdict and the adjudication thereon, and the continual breach of its policy contract from making further physical examination.'' On the following day, Guthrie replied by letter to the insured, as follows:

''Dear Mr. Eller:

''I have your letter of November 22d and I cannot agree with your construction of the policy of insurance, that the company has no right to have a further examination made.

''You will recall that you have now the two new suits started or pending, and in order to properly prepare for the trial of your next suit, the company is entitled and wants to know just what your physical condition is, and I am now requesting under the terms and conditions of the policy that you designate a place and time that will be as convenient as possible for you when and where this examination by a reputable physician or physicians representing the defendant company can be had.

''As I have heretofore advised you, we have tried at all times to extend to you every courtesy possible under the circumstances, and even though my efforts do not seem to be appreciated, I am again asking that you designate a place and time when and where it will be convenient for you to have this examination, and let me know a couple of days in advance, so I can notify the physicians to be present.

''I have no desire to do anything that will prevent you from recovering as rapidly as possible, but I do not feel that an examination by competent physicians will in any way retard your recovery.

''If I am not advised by you within a reasonable time that you will submit to this examination as provided by the terms and conditions of the policy, I shall be compelled to accept the same as a refusal to comply with the terms of the policy.

''Awaiting your reply, I remain,

''Yours very truly,''

The insured's response to this letter was the filing of his petition in this action, on December 1, 1937, alleging among other matters:—that the right of examination did not exist after once having been made, until all payments in default had been made; that demand for another physical examination was not made in good faith, but for the sole purpose of making an opportunity to have testimony that had no real facts to support it, for the trial of the next pending action; that because of his ill health, further attempts of the defendants to take advantage of him would materially impede his chances for recovery, to his great and irreparable injury. He prayed that the court decree that defendants had no right to either request, or to have, such examination, or to declare a breach of the policy for his failure to consent to examination, and prayed to restrain defendants from doing either.

Defendants moved to strike portions of the petition and amendment, and plaintiff filed resistance to the motion. Parts of the motion were sustained and parts were overruled. Defendants filed a motion to dismiss plaintiff's petition, as amended, alleging, as grounds, its right to examinations under paragraph 8 of its policy, and that the plaintiff had a plain, speedy, and adequate remedy at law, and that he was not entitled to the relief demanded. This motion was overruled, and the defendants answered and realleged the grounds of its motion to dismiss.

On May 25, 1938, Guthrie, on behalf of the insurer, again made a courteous request to appellee for his physical examination, at a time convenient for him. The appellee made no reply. On June 15, 1938, the insurer made a formal written demand upon the appellee for a physical examination, on June 17, 1938, by two named doctors with six other named doctors, as alternates, from whom the appellee might select two, if dissatisfied with the two suggested by the insurer. The appellee did not appear for examination, or respond.

Trial was had on June 27, 1938, and the trial court made the following decree:

"It Is Therefore Ordered, Adjudged and Decreed that the defendant Preferred Accident Insurance Company, its agents or any person acting in its behalf be and they are hereby re-

strained and enjoined from requesting or demanding in writing or otherwise or serving written notices on the plaintiff for a medical examination under paragraph 8 of the said policy contract with the plaintiff until said defendant Preferred Accident Insurance Company shall pay or cause to be paid any and all judgments entered against it and dispose of, by payment or otherwise, all pending suits against it to a date immediately preceding the time it may desire to serve a notice for a physical examination of the plaintiff pursuant to the provisions of said paragraph 8 of its policy contract offered in evidence in this cause as Exhibit 'A'.

"It is further ordered, adjudged and decreed that the defendant Preferred Accident Insurance Company, its agents or any person acting in its behalf be and they are hereby restrained and enjoined from asserting or pleading in any manner in any one or all of the law actions now pending or hereafter commenced by plaintiff in the Municipal Court of the City of Des Moines, Polk County, Iowa, or in any other court, against said defendant Preferred Accident Insurance Company, the plaintiff's failure to submit to said requested examination or examinations; and all notices heretofore served on plaintiff and identified in this record as Exhibits '5', 'G' and 'H' be and they are hereby canceled and held for naught."

Exhibits 5, G and H were the written requests for examinations, which the appellants had made. This is the decree from which appellants have appealed.

I. On January 17, 1939, the appellee filed a motion in this court to dismiss the appeal of Thomas J. Guthrie, upon the ground that there is no decree or judgment against him. The motion is without merit. Appellee, in his petition, makes Guthrie a defendant, and therein alleges that he was employed by the insured to assist in resisting appellee's demands. He prays for relief against both defendants. His cause of action is based on the actions of Guthrie, as a representative of the insured. The court, in its decree, expressly states that it is against "the defendant, Preferred Accident Insurance Company, *its agents or any person acting in its behalf.* * * * " (The italics are ours.) The motion is denied.

II. The appellee urges the affirmance of the trial court's decree upon the following principal grounds:

1. The making of the requests for a physical examination and the threats to declare a breach of the policy contract for his failure to comply therewith, and to plead such breach, harrassed and annoyed him, and retarded his recovery.

2. The right to an examination under paragraph 8 of the policy was with respect to a pending claim only, and not to a pending suit.

3. Under the wording of the paragraph but one representative of the insurer could examine the insured.

4. Since the insurer had denied liability to the appellee it had waived all provisions of its policy which were for its benefit, and released the appellee from further compliance on his part.

5. He had no plain, speedy and adequate remedy at law.

We have read the record and the authorities cited by the appellee and we find no support in either for the contentions of the appellee or the decree appealed from.

There is no evidence that the appellants, or either of them, made any requests upon the appellee, or did anything to him with the intention of harassing and annoying him, or to retard his recovery. Neither is there anything which either did that any reasonable person could say would have had any tendency to harass and annoy or retard his recovery, or that it did have such effect. Just what was the conduct of the appellants in the matter complained of, prior to the filing of appellee's petition? One request was made upon the appellee for an examination, and it was granted. One more oral request was made on his attorney, and the appellee refused it. Each request was courteously made. The examinations were to be at the convenience of the appellee. Two other requests were made just prior to the trial of this suit, but there was nothing in their nature or in the manner in which they were made, that would in any reasonable likelihood cause particular annoyance or injury to the appellee. He traveled to various cities for examination and treatment by other medical men, and certainly he would suffer no more from an examination by the insurer's physicians.

Appellee also contends that the word "representative" should be strictly construed as against the insurer, in said paragraph 8. The meaning is clear and there is no room for construction. Such a provision requires a fair and reasonable con-

struction to effect its purpose. Such a provision is not wholly for the benefit of the insurer. It may result to the benefit of the insured in effecting a speedy and fair adjustment of the claim. There are many specialists in the medical profession in these times. The injuries of a person may be such that an examination by more than one is necessary. Under the provision each could make the examination at a separate time. It would probably be much less annoying to the injured one to have examination by each at the same time.

Appellee's injury may entitle him to a claim against the insured. His entire recovery against it, whether at one time, or piecemeal, is because of and on this claim. The fact that he embodied the claim in a suit, or a series of suits, does not change its character. It is still a claim against the insurer, and an unliquidated one, and remains such until allowed or disallowed by the judgment. The fact that appellee's claim in the action that was tried was adjudicated does not adjudicate the claims in the subsequent actions.

The physical condition of an injured person does not remain static, ordinarily. It remains as it is, improves, or becomes worse. In any event the insurer under the provisions of paragraph 8 has a contract right to ascertain that condition by physical examination, from time to time. The insured assented to this provision when he accepted the policy.

Because the insurer denies that the insured is totally disabled, or that his disability is from other causes than his fall, is not a denial or repudiation of the policy, and it does not exclude it from the benefit of the provisions of the policy, and particularly of paragraph 8. This paragraph is for the purpose of enabling it to ascertain its liability.

The appellee clearly has a plain, speedy and adequate remedy at law. If the insurer alleges a breach of contract in its answer, in the law actions, because of the appellee's noncompliance with the requests for examination, the appellee has the opportunity to deny it in his reply or to allege an affirmative defense. There is nothing in the nature of such an issue that calls for the exercise of equitable jurisdiction or equitable principles. The appellee has a full, complete and speedy remedy, in his law actions. If he elects to try his action piecemeal he must expect and permit the insured to defend in the same manner. While some of the issues may be the same in each

of the law actions, his physical condition may be different at the times of the different trials. The insurer has a right to litigate that issue each time, and for that reason it has a right to a physical examination of the appellee when and so often as it may reasonably require. The trial court in this action was in error in interfering with that right. Of course, if the insurer made clearly unreasonable demands in this respect, and for improper purposes, and not in good faith, a situation would be presented, which might call for equitable relief, but no such fact situation is shown.

The decree of the trial court should be, and it is reversed, in all of its provisions, and it is remanded for judgment and decree, in conformity herewith.—Reversed and remanded.

MITCHELL, C. J., and SAGER, STIGER, HALE, OLIVER, MILLER, and RICHARDS, JJ., concur.